AARON ALEXANDER, plaintiff in error, vs. WILLIAM MARK-HAM, defendant in error.

When the equity of an injunction bill, has been sworn off by the answer, the injunction may be dissolved.

Equity, from Fulton County.   Decided by Judge BULL, October Term, 1857.

Aaron Alexander filed his bill for an injunction to restrain the Sheriff from proceeding on a *fi. fa.*  In September, 1856, William Markham instituted his action of assumpsit against the said Alexander, founded on two promissory notes, which Alexander had given him in payment of certain lands in the city of Atlanta, in the county of Fulton.   The plaintiff alleged in his bill, that these notes were given on the representation by the said Markham, that he had a good title to the said lot of land.   That before the notes became due, he became aware that the defendant had not a good legal and

Alexander vs. Markham.

unincumbered title to the land, as he represented, and declined to pay the notes. That the lot of land was incumbered by a mortgage to the Loan and Building Association of Atlanta. That the value of the lands in Atlanta had increased within a short time, to a very great extent, but that he believed they were on the decline, and that such decline might ruin many of the landholders of the city of Atlanta, who had not paid for their lots, and that he believed that the said defendant would become by such means unable to respond in damages for the price of the lots so bought by plaintiff. That after the action was commenced by Markham, plaintiff pleaded a good plea to the same, intending to defend the suit. That although his attorneys were at the Court at which the trial was to be had, Markham's attorney privately, and without their knowledge or consent, and without the case being called in its order, went to the jury, and presented a verdict to them, as if the case had not been defended, and procured the same to be signed *ex parte;* that plaintiff's plea by an unforeseen accident, did not come to the eye of the attorney for Markham. That the first plaintiff heard of the verdict was from the Sheriff, showing him the *fi. fa.* founded on the judgment entered up upon said verdict, and telling him he had orders to make the money on said *fi. fa.* immediately.

The defendant answered this bill, and moved to dissolve the injunction which had been granted according to the prayer of the bill. The plaintiff objected to the hearing of this motion, on the grounds :

1st. That exceptions to the answer of the defendant had been filed (and should first be disposed of,) because said bill had not been sufficiently answered in that the defendant had not answered, whether or not his property consisted in Atlanta lands of fictitious value, and answered evasively, as to his insolvency.

2d. Because defendant did not answer whether he had a

good title to said lands, and such a one as would enable him to make a good and sufficient title to complainant.

3d. Defendant did no tsay in his answer that he ever had any perfect title to said land.

Plaintiff's counsel insisted that the injunction should not be dissolved, because the equity in the bill had not been sworn off. He also objected to the reading of an affidavit alluded to in the *rule nisi*, for the dissolution of the injunction, because it did not form part of defendant's answer, it not having been made an exhibit to said answer, and also, because it had not been filed in the office of the Clerk of the Superior Court.

The Court refused to dispose of these exceptions by themselves, but allowed argument on the motion to dissolve the junction, that the Court might dispose of the whole case at once.

The Court allowed the said affidavit to be read on the argument, to which complainant's council excepted.

After hearing the argument, the Court granted an order dissolving the injunction.

To this decision of the Court, counsel for complainant excepted and filed his bill of exceptions, saying that the Court erred.

1st. In allowing said affidavit to be read in the argument.

2d. In dissolving said injunction.

HAMMOND & SON, for plaintiff in error.

OVERBY & BLECKLEY, *contra*.

*By the Court.*—BENNING, J. delivering the opinion.

The answer says, that the "incumbrance" complained of in the bill, had been removed. The whole equity of the

bill depended upon the existence of this incumbrance. The removal of the incumbrance was, therefore, equivalent to abstracting from the bill, all its equity.

We think, then, that the order dissolving the injunction, was right.

Judgment affirmed.